AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Telecomm Innovations, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-1328-SLR |
| Hiro, Inc. | ) | (and the cases set forth in Attachment A) |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Hewlett-Packard Company, c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Attachment B.

| Place: Ashby & Geddes, 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801 | Date and Time: 05/13/2013 9:00 am |
|---|---|

(or as mutually agreed upon)

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/22/2013

*CLERK OF COURT*

OR  _/s/ Tiffany Lydon_

_____        _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Hiro, Inc. , who issues or requests this subpoena, are:

Tiffany Geyer Lydon, Ashby & Geddes, 500 Delaware Ave., 8th Fl., P.O. Box 1150, Wilmington, DE 19899
tlydon@ashby-geddes.com (302) 654-1888

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-1328-SLR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Case 1:12-cv-01327-SLR Document 20-1 Filed 04/22/13 Page 3 of 13 PageID #: 153

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Attachment A

This subpoena to Hewlett-Packard Company is served on behalf of Defendants in each of the below captioned cases.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>CARDTRONICS, INC., et al.,<br><br>*Defendant* | C.A. No. 12-1268-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>SEIKO EPSON CORP., et al.,<br><br>*Defendant* | C.A. No. 12-1269-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>TOSHIBA CORP., et al.,<br><br>*Defendant* | C.A. No. 12-1280-SLR |

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>    v.<br><br>DELL INC,<br><br>    *Defendant* | C.A. No. 12-1327-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>    v.<br><br>HIRO, INC.,<br><br>    *Defendant* | C.A. No. 12-1328-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>    v.<br><br>MULTI-TECH SYSTEMS, INC.,<br><br>    *Defendant* | C.A. No. 12-1331-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>    *Plaintiff*<br><br>    v.<br><br>STARTECH.COM, LTD., et al.,<br><br>    *Defendant* | C.A. No. 12-1333-SLR |

| | |
|---|---|
| TELECOMM INNNOVATIONS, LLC,<br><br>        *Plaintiff*<br><br>  v.<br><br>TRENDNET, INC.,<br><br>        *Defendant* | C.A. No. 12-1335-SLR |
| TELECOMM INNNOVATIONS, LLC,<br><br>        *Plaintiff*<br><br>v.<br><br>PAYMENT ALLIANCE IINTERNATIONAL, INC.,<br><br>        *Defendant* | C.A. No. 12-1276-SLR |

# Attachment B

## Definitions

a. "The Rembrandt Litigation" refers to the civil action filed on September 26, 2008 in the Eastern District of Virginia, Case No. 1:08-cv-01009-GBL-IDD, styled as *Rembrandt Data Technologies, LP v. AOL, LLC et al.*, (E.D. Va.).

b. "HP" refers to defendant and counterclaimant Hewlett-Packard Company in the Rembrandt Litigation.

c. "LSI" refers to LSI Corporation and its predecessors and successors in interest.

d. "HP's MSJ" refers to the motion filed by HP on or about March 16, 2009 in The Rembrandt Litigation, entitled "Hewlett-Packard Company's Motion For Summary Judgment Based On License And Exhaustion Defenses" (ECF Document No. 278 in The Rembrandt Litigation).

e. "Document" is used in its customary broad sense and means any written, recorded or graphic matter, however produced or reproduced, including all non-identical copies containing notations not contained on the original thereof, and including all disks, diskettes, compact disks, tapes or other recordings used in data and/or word processing, together with the programming instructions and other materials necessary to understand such media.

f. "And" as well as "or" shall be construed either in the disjunctive or conjunctive as necessary to bring within the scope of these requests any

information that might otherwise be construed to be outside their scope.

g. "Including" means including but not limited to.

h. "Relate" and "relating to" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, directly or indirectly.

**Instructions**

a. In producing any requested documents, you are directed to furnish all documents available to you, including, by way of illustration only and not limited to, documents in the possession, custody or control of your present or former attorneys or their consultants or investigators or in the possession, custody or control of your present or former consultants, experts, advisors, agents, employees, representatives or associates, including documents maintained at such person's home or on such person's personal computer.

b. Each request for documents seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto. To the extent documents, including but not limited to design, accounting, financial and sales data, are maintained in both hard copy and some other form, including but not limited to computer, electronic, magnetic and optical media of all kinds, provide both forms.

c. As to any portion of any request that refers to documents that you are aware of which were at one time within your possession, custody or control, but which are not now within or subject to your possession, custody or control,

you are directed to identify such documents in a manner sufficient to describe such documents for the purpose of preparing and serving a proper subpoena duces tecum and to give the name, telephone number, and address of the person last known by you to have been in possession, custody, or control of such documents.

  d. If you withhold any document because of a claim of privilege or any other claim, provide a privilege log that identifies each document separately and specifies for each document at least the following:

    1. the date;

    2. the sender(s) identified by position and entity with which they are employed or associated and, if any sender is an attorney, a statement so stating and, if any sender is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

    3. the recipient(s), including copy recipients, identified by position and entity with which they are employed or associated and, if any recipient is an attorney, a statement so stating and, if any recipient is a foreign patent agent, a statement so stating and a statement as to whether the laws of the agent's country grant privileged status to a patent agent's communications;

    4. the general subject matter of the document;

    5.  the portion(s) of the document as to which privilege is claimed; and

    6.  the type of privilege asserted as well as a certification that all elements of the claimed privilege have been met and not waived.

To the extent the claim of attorney-client privilege or work product privilege is not being asserted as to the entirety of a document, produce in redacted form that portion of the document not covered by such claim of privilege or immunity.

   e.  If any requested document or thing is unavailable because it has been lost, discarded or destroyed, set forth the contents of the document or thing, the location of any copies of said document, the date the document or thing was prepared and the circumstances surrounding its unavailability (e.g., the date of its destruction, the name of the person who authorized its destruction, etc.).

   f.  Please produce all requested documents in the same file or other organizational environment in which they are or were maintained. Alternatively, as to each document and thing produced in response to this request, you shall identify the request for production in response to which the document or thing is being produced. If copies of documents are produced, such copies must be legible and bound or stapled in the same manner as the original.

   g.  You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where

each document was located and the name of the person, group or department having possession, custody or control of each document.

h. Documents produced in any computer, electronic, magnetic or optical media should include a unique hard copy label containing an index of materials and an identification of the format in which the documents are stored on such media.

i. If no documents are responsive to a particular request, you are to state that no responsive documents exist.

j. If you object to only a part of a request, fully respond to the remaining parts of the request to which you have not objected.

## Document Requests

**Request No. 1:**

All documents relating to any rights to practice any claims of U.S. Patent No. 5,396,519.

**Request No. 2:**

All documents relating to any rights to practice any claims of U.S. Patent No. 5,600,712.

**Request No. 3:**

All court documents in The Rembrandt Litigation relating to HP's MSJ, including but not limited to ECF Document Nos. 278, 279, 284, 286, 287, 303, 304, 310, 312, 313, 321, and 322 (in their original, unredacted form, and including any supporting exhibits or attachments), and including any

transcripts of court proceedings or hearings.

**Request No. 4:**

All documents produced to HP by any party (including, but not limited to, LSI) in The Rembrandt Litigation relating to HP's MSJ.

**Request No. 5:**

All documents relied on or considered by HP relating to its contention in HP's MSJ that LSI held a license to practice the patents asserted in The Rembrandt Litigation.

**Request No. 6:**

All documents relating to any agreements concerning the assignment or licensing of patent rights by AT&T, Lucent Technologies, Inc., AT&T Paradyne, Paradyne Corporation, Zhone Technologies, Agere Systems Inc., LSI Logic, or LSI Corporation.

**Request No. 7:**

All documents relating to a Purchase Agreement entered into by AT&T Paradyne Corporation, CAP Acquisition Corp., Lucent Technologies, Inc., Paradyne Partners, L.P., Paradyne Acquisition Corp., Rental Acquisition Corp., and Lease Acquisition Corp. on or about June 18, 1996.

**Request No. 8:**

All documents relating to an Intellectual Property Agreement entered into by Lucent Technologies, Inc., AT&T Paradyne Corporation, and CAP Acquisition Corp., on or about July 31, 1996.

**Request No. 9:**

All documents relating to a Noncompetition Agreement entered into by

Lucent Technologies, Inc. and AT&T Paradyne Corporation on or about July 31, 1996.

**Request No. 10:**

All documents relating to a Patent and Technology License Agreement entered into on or about February 1, 2001, by Lucent Technologies Inc., Lucent Technologies GRL Corp., Lucent Technologies Guardian I Corp., Lucent Technologies Optical Networking Guardian Corp., Lucent Technologies Wireless Guardian Corp., Lucent Technologies Fiber Guardian Corp., Agere Systems Inc., Agere Systems Guardian Corp., and Agere Systems Optoelectronics Guardian Corp.

**Request No. 11:**

All documents relating to an Intellectual Property Agreement entered into by Lucent Technologies, Inc., AT&T Paradyne Corporation, and CAP Acquisition Corp., on or about July 31, 1996.

**Request No. 12:**

All documents relating to a February 1, 2001 Separation and Distribution Agreement By and Between Lucent Technologies Inc. and Agere Systems Inc.